## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| B.J., a minor, by his next friend and Parent, A.J. | : | CIVIL ACTION No. 2:20-cv-1627 |
| | : | |
| Plaintiffs, | : | |
| | : | **ELECTRONICALLY FILED** |
| v. | : | |
| | : | |
| Intermediate Unit I and Community Action Southwest D.B.A. Blueprints, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

AND NOW TO WIT, this 26th day of October 2020, Plaintiff B.J., by and through his attorneys, Christopher N. Elnicki, Esquire and Jonathan D. Steele, Esquire of STEELE SCHNEIDER, file the within Complaint against Defendants Intermediate Unit I and Community Action Southwest D.B.A. Blueprints, and in support thereof aver as follows.

### Jurisdiction and Venue

1. This action is brought pursuant to 29 U.S.C. § 794 et seq. 42 U.S.C. § 12132.

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

3. Venue in this district is proper under 28 U.S.C. § 1391.

### Parties

1. Plaintiff B.J. (Student or B.J.) is a minor student enrolled in the Blueprints preschool program, an early education preschool program operated under the oversight of the Intermediate Unit I (Intermediate Unit).

2. Student and A.J., his parent, reside within the geographic boundaries of Intermediate Unit I.

3. The Defendant Intermediate Unit I is a recipient of federal funding and a Pennsylvania Intermediate Unit Serving Washington, Fayette, and Greene counties and exists under the laws of the Commonwealth of Pennsylvania. The Intermediate Unit's administrative address is One Intermediate Unit Drive, Coal Center, PA 15423.

4. Defendant Blueprints (or "Blueprints" or "Preschool") is the fictitious name of Community Action Southwest, a non-profit organization that operates Blueprints Early Learning preschool programs. Blueprints has an address at 150 W Beau St. Suite 304 Washington PA 15301.

## FACTS

5. B.J. is a four-year-old student with Autism.

6. B.J.'s Autism affects nearly every aspect of his life. Some symptomology includes impairment in cognitive functioning, adaptive behavior, social skills, classroom behavior, sensory issues, and communication skills.

7. B.J. began attending the Blueprints program in September 2020.

8. B.J.'s first year of preschool occurred under the heightened concerns and precautions that resulted from the 2020 COVID-19 pandemic.

9. B.J.'s pediatrician has explained in writing that it is not realistic to expect B.J. to be able to wear a mask full-time, due to his autism diagnosis.

10. Blueprints began the 2019-2020 school year via a hybrid learning model. This model sought to reduce the spread of COVID-19 by limiting the number of students receiving daily in-person instruction. The hybrid environment provided 2 days of in-person programming and 3 days of virtual instruction. Blueprints' plan for re-opening for the 2020-2021 school year requires students to wear a pediatric mask when attending school.

11. B.J. struggles with communication. Sometimes, it is very difficult for him to communicate his wants and needs beyond the use of gestures and a few isolated words.

12. B.J. has difficulty understanding appropriate behaviors. Part of his individualized educational plan centers upon utilizing a behavior intervention plan to help B.J. replace his maladaptive behaviors with appropriate ones.

13. For example, there are times when B.J. seeks to escape from the classroom, engage in off-task activities, throw toys, or remove his mask during classroom time.

14. Blueprints has been working with B.J. to maximize mask-wearing and to facilitate his learning of appropriate behaviors through the use of his behavior intervention plan.

15. B.J. was able to attend the program regularly for two in-person sessions per week.

16. These twice-per-week, in-person sessions were the norm for all students who chose to attend school physically, regardless of whether or not they had a disability. The remainder of the student's instruction was delivered virtually.

17. On or about September 28, 2020 A.J. was asked to participate in an IEP meeting regarding her son's educational needs.

18. A.J. was informed by two behavioral specialists that B.J. could no longer participate in the program in-person and that B.J. would have to attend the program entirely virtually.

19. The Blueprints representatives that made this determination did so because B.J. was unable to wear his mask for the entire school day.

20. Blueprints allows Plaintiff's nondisabled peers to attend the in-person program.

21. B.J.'s mother sought clarification from the director of the Blueprints program, who confirmed that B.J. would be required to wear a mask, subject to mask breaks while attending the program in person.

22. As justification for her decision, the director cited the Preschool's reopening plan.

23. The Preschool's reopening plan incorrectly cites the Pennsylvania Department of Health for the premise that all students must wear masks when attending school.

24. The Preschool's opening plan fails to acknowledge that students with disabilities and mental health conditions are exempt from the face-covering mandate, should those disabling conditions interfere with their ability to wear a mask.

25. Despite appropriate documentation and explanation from the family, the District has not made an exception for B.J.--requiring him to either wear a mask with periodic breaks or to attend the program virtually.

26. B.J. Has not been able to attend school in person for several weeks.

## Counts I and II
## Discrimination Under Section 504 of the Rehabilitation Act, 29 U.S.C.A. § 794, and the Americans With Disabilities Act 42 U.S.C.A. § 12132

1. Plaintiff is a student with Autism and qualifies as a disabled student under both Section 504 and the ADA.

2. Plaintiff is otherwise qualified to participate in educational activities under the control of the Intermediate Unit 1 and Blueprints.

3. Both Blueprints and Intermediate Unit 1 receive federal financial assistance.

4. Plaintiff was excluded from participation in, denied the benefits of, and subject to discrimination at the school when he was denied participation in the in-person programming because he cannot continuously wear a mask, due to the symptomology of his disability.

5. The Defendants acted with deliberate indifference when they excluded Plaintiff from participation in the Blueprints program. These entities knew it was substantially likely

that Plaintiff's federally protected rights would be violated, yet failed to act despite this knowledge.

## **Prayer for Relief**

The Plaintiff respectfully requests the following relief:

1. An order returning B.J. to the in-person Blueprints program without the requirement that he wear a mask.

2. Compensatory relief to compensate the family for educational benefit lost while B.J. was unable to attend the program in-person.

3. Attorneys' fees and costs

Dated: October 26, 2020                                      Respectfully Submitted,

       _/s/Christopher N. Elnicki_
Jonathan D. Steele, Esquire
PA I.D. No. 313969
Christopher N. Elnicki, Esquire
PA I.D. No. 317000
STEELE SCHNEIDER
420 Fort Duquesne Blvd., Suite 400
Pittsburgh, PA 15222
(412) 235-7682
(412) 235-7693/facsimile
jonathansteele@steeleschneider.com
chriselnicki@steeleschneider.com